# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

SARAH CREBASSA,

    Plaintiff(s),

v.

MARK MANENDO, *et al*.,

    Defendant(s).

Case No.: 2:17-cv-02271-JAD-NJK

**REPORT AND RECOMMENDATION**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the

1

claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*). To comply with Rule 8, a complaint must set forth coherently who is being sued, for what relief, and on what theory, with enough detail to guide discovery. *See McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995). Although the Court construes complaints drafted by *pro se* litigants liberally, they still must comply with the basic requirements of Rule 8. *See, e.g.*, *Montgomery v. Las Vegas Metropolitan Police Dept.*, 2014 WL 3724213, at *3 n.3 (D. Nev. July 28, 2014).

A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). A finding of factual frivolousness is appropriate in cases where "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Plaintiff brings this case *pro se*, and is proceeding *in forma pauperis*. Docket No. 3. Plaintiff has filed a 288-page amended complaint describing an incoherent narrative peppered with various disjointed allegations. Docket No. 10. Plaintiff's amended complaint begins with the declaration that "[a]rtificial [i]ntelligence predicted this" and goes on to include jumbled references to electromagnetic pulses, extremely low frequency electromagnetic radiation, and sonic "sounds." *Id*. at 1-6.

Plaintiff identifies the nature of the suit as under 18 U.S.C.A. § 1961 (4), 18 U.S.C.A. § 1961 (5), and alleges Defendants violated federal and state laws on securities fraud, terrorism, and bribery. *Id*. at 3. However, Plaintiff fails to identify any elements of any cause of actions and fails to provide, in a comprehensible manner, any specific facts or intelligible narrative associated with these counts. *Id*.

Plaintiff's amended complaint also includes voluminous copies of listed documentation to generally support her allegations, but her description of the documents is unintelligible and, again, she fails to provide an explanation as to their application to the allegations or narrative. *Id.*

In light of the frivolous and delusional nature of Plaintiff's claims, the undersigned **RECOMMENDS** that Plaintiff's amended complaint be **DISMISSED** with prejudice.

Dated: January 16, 2019

_____
Nancy J. Koppe
United States Magistrate Judge

# NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).